UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
IN RE APPLICATION OF STADTWERKE  : 19-MC-0035 (JMF)
FRANKFURT AM MAIN HOLDING GMBH :
FOR AN ORDER SEEKING DISCOVERY : MEMORANDUM OPINION
UNDER 28 U.S.C. § 1782 : AND ORDER
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On January 31, 2019, this Court granted the *ex parte* application of Stadtwerke Frankfurt am Main Holding GmbH ("SWF") for an order authorizing discovery from RWE Trading Americas Inc. ("RWETA") pursuant to Title 28, United States Code, Section 1782. *See* Docket No. 8. SWF seeks discovery for use in connection with various proceedings in Europe relating to a contract it had with the predecessor to RWETA's ultimate parent company, RWE Aktiengesellschaft ("RWE AG"), establishing a renewable energy supplier, Süwag Vertrieb AG & Co. KG ("Süwag"). *See* Docket No. 3, ¶¶ 1, 3-5; Docket No. 24 ("Gooren Decl."), ¶ 1. The particulars of those proceedings are largely irrelevant here. It suffices to say that SWF alleges that RWE AG induced it into amending the parties' agreement to SWF's detriment, in part by concealing that RWE AG was selling its shares in Süwag to an affiliate, Innogy SE ("Innogy"), which would in turn be acquired by one of SWF's competitors, E.ON SE ("the E.ON Transaction"). *See id.* ¶¶ 4-15.

RWETA now moves, pursuant to Rule 45(d)(3) of the Federal Rules of Civil Procedure, to quash the subpoena that SWF served in accordance with the Court's January 31, 2019 Order. *See* Docket No. 21. The subpoena seeks the following categories of documents, for the period from January 1, 2017, to the present: those "relating to the E[.]ON Transaction"; those "relating to any consideration by RWE AG or its management of dissolving, selling, or transferring its

interest in Innogy SE"; those "relating to any discussions between RWE AG and E.ON SE"; those "relating to Innogy SE's renewable energy business"; those "relating to the use of data generated by E.ON SE's smart meters, smart grids, and end customers"; and those "relating to the use of data generated by Innogy SE's smart meters, smart grids, and end customers." Docket No. 23-1 ("Subpoena"). RWETA argues that the subpoena should be quashed for two reasons: first, because RWETA does not have possession, custody, or control over any of the requested materials; and second, because the requested discovery is improper under Section 1782. *See* Docket No. 22.

The Court agrees with RWETA's first argument and, thus, does not reach its second. It is well established that a subpoenaed party is required to produce only those responsive documents that are in its possession, custody, or control. *See* Fed. R. Civ. P. 34(a)(1); Fed. R. Civ. P. 45; *see also Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 138 (2d Cir. 2007). Admittedly, "control" in this context can extend to documents that are in the possession or custody of a third party. In particular, a subpoenaed party is required to produce responsive documents held by a third party if the subpoenaed party has "access and the practical ability" to obtain them. *Shcherbakovskiy*, 490 F.3d at 138; *see Bank of N.Y. v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 146 (S.D.N.Y. 1997) (stating that "documents are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party to the action"); *see also, e.g.*, *Tiffany (NJ) LLC v. Qi Andrew*, 276 F.R.D. 143, 147-48 (S.D.N.Y. 2011) ("If the party subpoenaed has the practical ability to obtain the documents, the actual physical location of the documents — even if overseas — is immaterial."), *aff'd*, No. 10-CV-9471 (WHP), 2011 WL 11562419 (S.D.N.Y. Nov. 14, 2011).

But if the subpoenaed party does not have the practical ability to obtain documents held by a third party, it need not produce them. *See, e.g.*, *Shcherbakovskiy*, 490 F.3d at 138 ("[A] party is not obliged to produce . . . documents that it does not possess or cannot obtain."); *see also* 7 James Wm. Moore et al., Moore's Federal Practice § 34.14[2][a] (A subpoenaed party "may not be compelled to produce items that are not within either its possession, its custody, or its control."). Although the ultimate "burden of persuasion in a motion to quash a subpoena . . . is borne by the movant," *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48-49 (S.D.N.Y. 1996) (internal quotation marks omitted) (citing cases), "[w]here control is contested, the party seeking production of documents bears the burden of establishing the opposing party's control over those documents," *Alexander Interactive, Inc. v. Adorama, Inc.*, No. 12-CV-6608 (PKC) (JCF), 2014 WL 61472, at *3 (S.D.N.Y. Jan. 6, 2014) (citing cases).

Applying those standards here, the Court, in its discretion, concludes that the subpoena should be quashed. *See In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003) (noting that a motion to quash is "entrusted to the sound discretion of the district court" (internal quotation marks omitted)). In support of its motion, RWETA submits two declarations from its General Counsel, Alberdina Gerardina Maria Gooren. *See* Gooren Decl.; Docket No. 31 ("Gooren Supplemental Decl."). These declarations establish two dispositive facts. First, they establish that RWETA conducted a reasonable search for responsive documents — including, for example, by interviewing all current employees and confirming with the General Counsel of RWE AG that no current or former RWETA employees were involved in the E.ON Transaction — and that the search came up empty. *See* Gooren Decl. ¶¶ 6-8, 10-12; Gooren Supplemental Decl. ¶ 3. Second, the declarations establish that RWETA has neither the legal right nor the practical

3

ability to obtain documents that may be in the possession or control of RWE AG. *See* Gooren Decl. ¶¶ 11-14; Gooren Supplemental Decl. ¶ 2 & n.1. SWF offers no basis to question those representations or, for that matter, to conclude that the requested materials would not be more properly sought from RWE AG, which was party to the E.ON Transaction.[1] Accordingly, the subpoena is quashed. *See, e.g.*, *Mason Tenders Dist. Council of Greater N.Y. v. Phase Constr. Servs., Inc.*, 318 F.R.D. 28, 42 (S.D.N.Y. 2016) ("Generally, a party's good faith averment that the items sought simply do not exist, or are not in his possession, custody, or control, should resolve the issue of failure of production since one cannot be required to produce the impossible." (internal quotation marks omitted)); *cf. Republic of Turkey v. Christie's, Inc.*, 326 F.R.D. 394, 401 (S.D.N.Y. 2018) (directing a subpoenaed entity to "conduct a reasonable search for responsive . . . documents in locations where those documents are likely to be found"); *Pitney Bowes, Inc. v. Kern Int'l, Inc.*, 239 F.R.D. 62, 69 (D. Conn. 2006) (denying, in part, a motion to compel where the movant failed to demonstrate that the subpoenaed subsidiary had "control"

---

[1] In light of Gooren's declarations, the cases upon which SWF relies are easily distinguished. *See* Docket No. 28 ("SWF Opp'n"), 11-14. In each of those cases, there was evidence that the subpoenaed party either had the legal right or the practical ability to obtain responsive documents from a third party. *See, e.g.*, *Mazzei v. Money Store*, No. 01-CV-5694 (JGK) (RLE), 2014 WL 3610894, at *4 (S.D.N.Y. July 21, 2014) (finding that the subpoenaed defendants "were in control of" the relevant information, even though a third party collected it, because a contract gave the defendants "the right to request" the information); *SEC v. Strauss*, No. 09-CV-4150 (RMB) (HBP), 2009 WL 3459204, at *8 (S.D.N.Y. Oct. 28, 2009) (finding that the subpoenaed party had "control" based on "an agreement with a third-party possessor granting [the] party access to [the requested] documents, along with an actual mechanism for getting the documents"); *In re NTL, Inc. Sec. Litig.*, 244 F.R.D. 179, 195-96 (S.D.N.Y. 2007) (concluding that the subpoenaed entity had the "practical ability to obtain the relevant documents" from its sister company based on its CEO's representation that "whenever there was a document that we needed from [the sister company] . . . we would call [the company] and ask if they had it, and if they had it, they'd send it" (internal quotation marks and alterations omitted)), *aff'd sub nom. Gordon Partners v. Blumenthal*, No. 02-CV-7377 (LAK), 2007 WL 1518632 (S.D.N.Y. May 17, 2007). Gooren's declarations establish the opposite here.

over or the "ability to easily obtain" the relevant documents (internal quotation marks omitted));
*United States v. Int'l Bus. Machines Corp.*, 477 F. Supp. 698, 699 (S.D.N.Y. 1979) (denying a motion to quash a subpoena against an entity that "submitted no affidavit setting forth facts and circumstances which establish that the documents requested are not in [its] control").

Accordingly, RWETA's motion to quash is GRANTED. SWF's letter motion for an expedited ruling on the motion to quash is thus DENIED as moot. *See* Docket No. 32. The Clerk of Court is directed to terminate Docket Nos. 21 and 32 and to close the case.

SO ORDERED.

Dated: July 10, 2019
New York, New York

_____
JESSE M. FURMAN
United States District Judge